IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ZEVON TARUSES MCCARTER, :

    Petitioner, :
                                        CIVIL ACTION 11-00021-WS-B
vs. : CRIM. ACTION 08-00387-WS-B

UNITED STATES OF AMERICA, :

    Respondent. :

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Zevon Taruses McCarter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 77), the Government's Motion to Dismiss Motion to Vacate, Set Aside or Correct Sentence (Doc. 84), and Petitioner's reply and response to the motion to dismiss (Docs. 86, 87, 93). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. <u>Kelley v. Secretary for the Dep't of Corr.</u>, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

I.   PROCEDURAL HISTORY

On January 29, 2009, McCarter and a co-defendant were charged in a superseding two count indictment. (Doc. 21). Count One alleged mail theft by McCarter and his co-defendant in violation of 18 U.S.C. § 1708, and Count Two charged McCarter with being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). McCarter entered a counseled plea of guilty to Counts One and Two on March 3, 2009. (Docs. 34, 35). McCarter was sentenced on September 16, 2009 to 60 months on Count One, and 65 months on Count Two. The sentences were to be served concurrently, for a total prison term of 65 months. (See Minute Entry dated Sept. 16, 2009). Judgment was entered on September 28, 2009.[1] (Doc. 63). McCarter did not appeal

---

[1] Although the correct sentence was announced at the sentencing hearing, and was recorded on the docket minute entry, the judgment lists McCarter's total imprisonment as 125 years, and reflects 60 months as to Count One, 65 months as to Count Two, with the sentences to be served consecutively. (Docs. 63, 70, and Minute Entry dated September 16, 2009). Upon a motion by McCarter, pursuant to Rule 36 of the Rules of Criminal Procedure, the Court, on November 23, 2009, amended the judgment nunc pro tunc to correct the clerical error so that the sentence in the judgment would be consistent with the sentence announced at the sentencing hearing, and recorded on the docket minute entry. (Docs. 70, 72, 73). The November 23, 2009 Order modifying the judgment, which did nothing more than correct a clerical error, did not affect the date of final judgment. In United States v. Portillo, 363 F.3d 1161, 1166 (11th Cir. 2004), the Eleventh Circuit held that where a district court corrected a clerical error in the restitution provision of a criminal judgment, the defendant's right to appeal did not begin anew. See also Pava v. United States, 2011 U.S. Dist. LEXIS 41125 (M.D. Fla. April 7, 2011)(correction of restitution amount from $325,235.24 to $352,235.25 due to a scrivener's error did not change date on which judgment became

his conviction and sentence.

McCarter filed the current Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on January 2, 2011.[2] McCarter also has filed a number of other motions and correspondence including letters, a motion to appoint counsel, and a "motion for extension of time to file 2255." In his various filings, McCarter concedes that he filed his petition three months past his one year limitation but argues that equitable tolling should apply. (Doc. 78 at 4; Doc. 80 at 1). On February 23, 2011, the Government filed a Motion to Dismiss petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, alleging that McCarter filed the petition outside of the one-year statute of limitations found in 28 U.S.C. § 2255(f), and has not established a basis for equitable tolling. Petitioner filed three additional documents in response to the Motion to Dismiss. (Docs. 86,

---

final); Bowie-Myles v. United States, 2006 U.S. Dist LEXIS 52451 (M.D. Fla. July 26, 2006)(correction of judgment to reflect that defendant was convicted of possession of a firearm by a convicted felon rather than of falsely impersonating a federal officer or employee corrected a scrivener's error and as such, it does not result in the one year limitation period of Section 2255 beginning anew when the district court corrected the clerical error). Moreover, in this case, McCarter's petition would still be untimely even if he was given the benefit of the date on which judgment was corrected.

[2] While McCarter's motion was received by the Court on January 11, 2011, applying the mailbox rule, the Court uses the date that McCarter delivered his motion to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

87, 93). For the following reasons, the undersigned finds that the petition is untimely and recommends that the Motion to Dismiss be granted.

   II. **ANALYSIS**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000), *cert. denied*, 531 U.S. 971 (2000). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Petitioner has not alleged that the government impeded the

filing of his 2255 motion, that a retroactive new constitutional right exists in his case, or that he discovered new evidence formerly unavailable to him. Accordingly, the Court will calculate the timeliness of his petition from the date the judgment of conviction became final. In this case, the Court entered judgment on September 28, 2009 and McCarter's sentence and conviction became final on October 13, 2009, ten (10) days after the judgment was entered and McCarter's opportunity to file an appeal had expired.[3] Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000)("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered); Akins v. United States, 204 F.3d 1086, 1089 n.1(11th Cir. 2000)("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Thus, McCarter had until October 13, 2010 to timely file his petition. McCarter did not file his petition until nearly three months later on January 2, 2011. As a result, the petition is due to be dismissed unless McCarter is entitled to equitable tolling.

---

[3] At the time of McCarter's sentencing, a criminal defendant had ten days to file an appeal, excluding weekends and federal holidays. Fed. R. App. 4(b)(1)(a)(2005)(amended 2009)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's appeal."). With the 2009 amendment, effective December 1, 2009, the time for filing a notice of appeal was changed to 14 days, without excluding holidays or weekends. See Fed. R. App. Proc. R. 26 advisory committee's note (2009). Under either rule, McCarter's January 2, 2010 filing is untimely.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010)(holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562. See also Sandvik, 177 F.3d at 1271. The diligence required is reasonable diligence, not "maximum feasible diligence", see Holland, 130 S. Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 130 S. Ct. at 2564 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

In this case, McCarter concedes that his habeas corpus petition

was not timely filed, and he has failed to meet his burden of establishing that he diligently pursued his rights, and that extraordinary circumstances stood in his way. See Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008)("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom.* Johnson v. McNeil, 555 U.S. 851, 129 S.Ct. 348 (2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007)("[T]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]")(quoting Wade v. Battle, 379 F.3d 1241, 1245 (11th Cir. 2004)).

As grounds for equitable tolling, McCarter alleges the following impediments to timely filing: 1) that from the time of his conviction on September 25, 2009 until February 2, 2010 he was in transit, and his legal papers were taken away during that period in accordance with prison policies (Doc. 77 at 9), 2) that upon arriving at federal prison in February 2010, he requested "legal documents" including transcripts from his former attorney, Christopher Knight, but received only a portion of those documents months later, on June 16, 2010 (Doc. 86 at 9, 10), and 3) that in May of 2010, he was attacked by fellow inmates twice and as a result, he was moved to segregated housing where he had very limited access to a library for the duration of the statutory period. (Doc. 86 at 5). The Government asserts that while the events asserted by McCarter are lamentable, if true, he

7

has nevertheless failed to establish a basis for equitable tolling. (Doc. 84 at 4).

**A. Extraordinary Circumstances**

As noted supra, in the Eleventh Circuit, the doctrine of equitable tolling is reserved for only "extraordinary" cases, and is applied sparingly. Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004)(citing Helton v. Sec'y Dept of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001)). Routine transfers resulting in separation from legal papers, and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary." See Akins v. United States, 204 F.3d 1086, 1089-90(11th Cir. 2000)(holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in lockdown situation); see also, Dodd, 365 F.3d at 1282-83 (finding that equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "Akins suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances')(citing Akins, 204 F.3d at 1089-90); Paulcin v. McCollum, 259 Fed. Appx. 211, *4 (11th Cir. 2007)(unpublished)(denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as

8

much as ten months of one-year limitations period were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition).

In this case, McCarter's alleged four month transit period from his sentencing on September 25, 2009 until his arrival at a Federal prison on February 2, 2010, his solitary confinement period from May 13, 2010 until May 25, 2010, and his segregated housing from May 25, 2010 until October of 2010 do not amount to extraordinary circumstances on their own. McCarter does not suggest, let alone argue, that "his detention was unconstitutional or somehow inappropriate, or that the transfer of a prisoner from one facility to another is anything but a routine practice." Dodd, 365 F.3d at 1283. Assuming the truth of McCarter's allegations, he had nearly three (3) months between February 2, 2010 and May 13, 2010 during which he had access to a library and was otherwise unimpeded from filing a timely petition.

While McCarter alleges that he did not receive "needed legal documents" from his former attorney until approximately June 16, 2010, despite repeated requests,[4] he acknowledges that he did not

---

4  It is unclear how many requests were made to counsel, as petitioner's allegations are vague, and unsupported by exhibits in the record. In his reply, petitioner seems to indicate that he only made one request. See (Doc. 86 at 4). However, in his motion to vacate he asserts that he "repeatedly asked his counsel" for his legal documents. (Doc. 77 at 11). McCarter did attach a letter from the Federal Public Defender office dated June 8, 2010 stating "Enclosed

request the documents until February 2010, some four months after his sentence. (Doc. 87 at 5). Moreover, it is not clear how many requests he made before he received the materials. In Holland v. Florida, the Supreme Court held that where attorney misconduct is "far more than 'garden variety' or 'excusable neglect'" equitable tolling is appropriate. 130 S.Ct. at 2564. Taking as true McCarter's allegation that his former attorney took four months to provide him with files from his case, such allegation establishes garden variety negligence at best. Accordingly, the alleged action of McCarter's former attorney do not suffice to establish "extraordinary circumstances" which impended him from filing a timely petition.

**B. Reasonable Diligence**

Assuming arguendo that McCarter had established extraordinary circumstances, his equitable tolling claim would still fail because of lack of reasonable diligence. In addition to establishing that the impediments facing him were "extraordinary", McCarter must establish that he diligently pursued his rights as would be

---

are the documents you requested," (Doc. 86, Ex. B), and a Federal Bureau of Prison Return to Sender Notice dated June 16, 2010 indicating that the PSI Report was returned to the Public Defender's office, due to a policy restricting inmates from possession of PSI Reports. However, he has not submitted any documentary evidence bearing on his alleged repeated requests to his former attorney. The Court notes that absent supporting evidence in the record, a court generally cannot consider a habeas petitioner's vague and conclusory assertions. See Tapanes v. McNeil, 2011 U.S. Dist. LEXIS 15707, *15 n.8 (S.D. Fla. Jan. 18, 2011)(citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).

reasonable under the circumstances. While McCarter's allegations certainly show that he faced impediments, he has not established that those impediments could not have been overcome with reasonable diligence. As noted supra, McCarter admits that he did not contact his attorney and request legal documents until nearly four months after his sentence was imposed. While McCarter asserts that he was in transit during that period, he does not explain what prevented him from placing his former counsel on notice, far earlier, that he would be needing his legal documents to assist him in filing a 2255 petition. Further, McCarter acknowledges that he did in fact receive the documents in June 2010, at least three months before the expiration of the limitations period. While McCarter complains that he did not receive various transcripts, a review of his petition reflects that he cites and quotes from the sentencing transcript multiple times in his petition. (Doc. 77 at 5; Doc. 86 at 4). Moreover, McCarter does not allege and the record does not reflect that he alerted the Court to problems securing his legal documents in order to file a 2255 petition, or that he made any requests to the Court for the transcripts prior to expiration of the limitations period. In fact, the record reflects that Plaintiff did not seek a copy of the transcripts from the Court until after the limitations period had passed, and after he had filed his petition.[5] See Soloman

---

[5] The Court notes that an *in forma pauperis* habeas petitioner may be

11

v. U.S, 467 F.3d 928 (6th Cir. 2006)(equitable tolling granted where prisoner was transferred to another facility at the end of the statutory period but established due diligence by working 'day and night' on his 2255 and filing a notice of intent to file his 2255 when he learned of his impending transfer).

Accordingly, McCarter has not established that he diligently sought to obtain these documents and to file his petition in a timely matter. See Dodd, 365 F.3d at 1283("Dodd has not shown with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation. Nor [] has he demonstrated why, if he had acted with the diligence plainly required to trigger the doctrine of equitable tolling, he could not have filed within the one-year period."); Nguyen v. United States, 2007 U.S. Dist. LEXIS 73855 (M.D. Fla. Oct. 3, 2007), *5 (Finding that where a prisoner "was in transit for five months and was unable to secure either representation or his legal papers from his former attorney in a timely fashion" did not present extraordinary circumstances warranting equitable tolling); Bennett

---

entitled to receive copies of transcripts with the cost to be paid by the Government if the trial court certifies that the issues presented are not frivolous and the transcript is needed to decide the issues presented. 28 U.S.C. § 753 (f). In this case, the Court denied McCarter's request for transcripts (Doc. 85) because he did not allege and the record does not reflect that they have any bearing on the threshold issue of whether McCarter's petition should be dismissed as untimely. The Court noted that the Order was subject to reconsideration once this issue was resolved.

v. McNeil, 2010 U.S. Dist. LEXIS 132001, *13 (N.D. Fla. Nov. 8, 2010) (petitioner did not establish due diligence where he made a single attempt to obtain transcripts before the expiration of the federal limitations period). In sum, this case does not warrant equitable tolling as the record does not show "extraordinary circumstances" nor does it demonstrate that McCarter could not have overcome his circumstances with reasonable diligence. The undersigned thus finds that because McCarter has failed to establish equitable tolling, his federal habeas petition should be dismissed as time-barred, and Respondent's motion to dismiss should be granted.

### C. Actual Innocence

Finally, McCarter implicitly argues in his petition that he is actually innocent of one of the crimes for which he was convicted under 28 U.S.C. § 922(g). (Doc. 77 at 13). In order to demonstrate actual innocence in a post-conviction proceeding, thus tolling the statute of limitations, a petitioner must first "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The evidence presented must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is

13

actually innocent." Id. at 327 (internal quotations omitted). "[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. In other words, McCarter must persuade this Court "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id.

In the case sub judice, McCarter argues that his attorney had him enter a plea of guilty as to the § 922(g) count, but "a factual basis for the plea did not exist . . . [because] the police report w[as] very very vague, void, and detail starv[ed]." (Doc. 77 at 13). However, McCarter has offered no new proof or evidence to support his claim of innocence. Moreover, a review of the record does not reveal any evidence which would tend to support his contention that he is actually innocent.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice

or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.").

In the instant action, McCarter's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control which prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). He has also failed to make a sufficient showing of 'actual innocence'

15

of the charge for which he was convicted. Schlup, 513 U.S. at 327. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Parker's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

### III. CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that McCarter's petition for habeas corpus relief be **DENIED**[6] and Respondent's Motion to Dismiss be

---

[6] In light of the instant Report and Recommendation, McCarter's pending motions, namely, Motion for Transcripts (Doc. 88), Motion to Proceed In Forma Pauperis (Doc. 89), Motion to Obtain Medical Records (Doc. 90), Motion to Amend Motion to Vacate (Doc. 92), and Motion for Bond (Doc. 94) are due to be DENIED. While Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given where justice so requires, leave to amend may be denied where the amendment would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) Given that McCarter's petition is untimely, and that he is not entitled to equitable tolling, any amendment would be futile.

16

**GRANTED**. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **4th** day of **August, 2011**.

                                **/S/ SONJA F. BIVINS**
                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**