# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-0387-WS-B |
| ) | |
| ZEVON McCARTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's "Motion Requesting Recusal of Judge due to Probability of Actual Bias" (doc. 112). In his Motion, defendant complains that this Court denied his Petition for Writ of Mandamus in which he accused the Clerk's Office of refusing to provide photocopies to him. Defendant states that he disagrees with this Court's denial of that Petition and disputes this Court's findings as to the lack of clarity in defendant's correspondence to the Clerk's Office. Defendant further suggests – with no factual support of any kind – that his "African American ethnicity is somehow preventing him the same constitutional rights afforded to any other U.S. citizen." (Doc. 112, at 6.) He states that "Judge William H. Steele is not concern [*sic*] with solely upholding the U.S. Constitution." (*Id.*) And he objects to this Court's handling of his criminal case in various ways, including the denial of his § 2255 Petition which is presently on appeal to the Eleventh Circuit.[1]

To be perfectly clear, the undersigned harbors no bias of any kind toward defendant. There is zero evidence to the contrary. Defendant's attacks on the undersigned's impartiality are wholly unfounded in fact, and the Court will not dignify most of them with response. That said, the Motion for Recusal appears to hinge in large part on the undersigned's denial of his mandamus petition. The Court remains of the opinion that defendant's mandamus petition was frivolous and that defendant substantially contributed to the confusion over which photocopies

---

[1] Defendant also states that "[t]he judge refuses to allow movant to review his case dockets for some unknown reason." (Doc. 112, at 8.) This allegation is false. This Court has never denied any request by McCarter for a copy of his docket sheet. To the contrary, the Clerk of Court mailed him a copy of that docket sheet on September 7, 2011, one day after receiving such a request from defendant.

he sought and which funds were to be applied for which purpose by submitting letters accompanied by multiple checks for incorrect/arbitrary amounts across multiple cases.[2] The Clerk's Office has at all times been responsive and professional in its dealings with defendant, and has explained to him in writing exactly what the problems are with his requests and how to remedy them. Petitioner appears not to have followed those instructions. This is not the stuff of the extraordinary remedy of mandamus. The Court's Order explained as much, and encouraged McCarter to do his part to ensure that communications with the Clerk's Office over photocopies were clear and easy to follow.[3]

That defendant disagrees with that ruling – or with other rulings in this criminal case – falls well short of the necessary showing to support a request for recusal. *See, e.g., United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions held by judges as a result of what they learned in earlier proceedings do *not* constitute bias or prejudice") (citations and internal quotation marks omitted); *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal").

For all of these reasons, the Motion Requesting Recusal (doc. 112) is **denied**.

DONE and ORDERED this 29th day of November, 2011.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2] For example, McCarter mailed multiple checks for $5 each to the Clerk's Office, stating that those checks were for hearing transcripts in his criminal case, even though he had never made arrangements with the court reporter for such transcripts and had apparently selected the $5 amount at random. He likewise sent a check for $15 for copies of the "2255 motion, reply brief motion, all exhibits and any other documents I have submitted," without first inquiring as to whether that $15 bore any relation to the applicable photocopy charges for "any other documents I have submitted." Petitioner's own filing showed that the Clerk's Office responded in writing to point out the deficiencies in defendant's submission and to suggest that he write a letter requesting the total price for the specific copies he seeks. He does not allege that he ever did so.

[3] The Court's Order also took direct action to resolve the communication breakdown by instructing the Clerk's Office to notify defendant in writing of the exact cost for copies of the three documents he now seeks, and instructing defendant (if he desires such copies) to remit exact payment with an accompanying letter. Thus, the mandamus ruling which serves as the foundation of McCarter's accusations of bias actually gave him what he wanted.