IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-0387-WS-B |
| ) | |
| ZEVON McCARTER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's filing styled "Rule 60(b)(3) Motion Seeking Relief from Final Judgment and Request for Judicial Notice" (doc. 137).

On March 2, 2009, defendant, Zevon McCarter, entered a guilty plea to Counts One and Two of the Superseding Indictment, charging the offenses of theft or receipt of stolen mail, in violation of 18 U.S.C. § 1708, and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 25, 2009, the undersigned entered a Judgment (doc. 63) pursuant to which McCarter was sentenced to a term of imprisonment of 60 months as to Count One and 65 months as to Count Two. That Judgment was subsequently amended on November 23, 2009, pursuant to Rule 36, Fed.R.Crim.P., to confirm that the terms of imprisonment on Counts One and Two run concurrently, not consecutively. (*See* doc. 73.) McCarter did not pursue a direct appeal of his conviction or sentence.

In January 2011, however, McCarter filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (doc. 77). On August 4, 2011, Magistrate Judge Bivins entered a Report and Recommendation (doc. 96) in which she found that the § 2255 Motion was untimely under the one-year filing deadline established by AEDPA, that McCarter had failed to show extraordinary circumstances that might justify equitable tolling, that McCarter had failed to establish that the impediments he faced in preparing his § 2255 Motion could not have been overcome with reasonable diligence on his part, and that McCarter had not established proof of actual innocence. McCarter filed Objections (docs. 98, 99, 100) to the Report and Recommendation. Upon review of the file, the undersigned entered an Order (doc. 101) and Judgment (doc. 102) on August 29, 2011, overruling the objections, adopting the Report and Recommendation, denying McCarter's § 2255 Motion, and finding that McCarter was entitled to neither a certificate of

appealability nor the opportunity to appeal *in forma pauperis*.  By Order (doc. 108) entered on September 26, 2011, the undersigned reaffirmed its previous determination that McCarter would be denied a COA and permission to proceed on appeal without prepayment of fees and costs.

McCarter's appeal of the denial of his § 2255 Motion was short-lived and unsuccessful.  On January 18, 2012, the Eleventh Circuit entered an Order (doc. 130) in which it opined that (i) "the district court correctly determined that McCarter's § 2255 motion was untimely" (*id.* at 3); (ii) "[u]nder the particular facts alleged here, McCarter's placement in segregated housing, transfer to another prison, and delay in receiving all of his legal papers did not constitute extraordinary circumstances, for which equitable tolling is appropriate" (*id.* at 4); (iii) "in any event, McCarter has not demonstrated that he exercised due diligence in bringing his § 2255 motion" (*id.*); and (iv) McCarter's "actual innocence" claim predicated on the vagueness of the underlying police report was not sufficient to establish actual innocence, and was not supported by new facts (*id.* at 4-5).  The Eleventh Circuit denied McCarter's ensuing motion for reconsideration on April 11, 2012, for the stated reason that "he has offered no new evidence or arguments of merit to warrant relief."  (Doc. 134, at 1.)  Thus, McCarter's § 2255 Motion has been denied as time-barred under AEDPA, and such denial was affirmed on appeal to the Eleventh Circuit.

The above sequence of events should have concluded this matter.  But it did not.  Instead, McCarter has consumed untold judicial and court staff resources by filing one time-wasting motion after another in this District Court.  By the undersigned's count, since the day McCarter filed his Notice of Appeal (doc. 104) from the denial of his § 2255 Motion, McCarter has filed no fewer than 13 motions in this District Court, including motions for recusal (because he disagreed with the undersigned's rulings), motions for writ of mandamus (because he did not think the Clerk of Court was sufficiently responsive to his requests for photocopies), motions to vacate judgment (because he was not happy with the denial of his motion to suppress antecedent to his voluntary guilty plea), and motions to reconsider every adverse court ruling that is entered against him.  (*See* docs. 109, 111, 112, 115, 117, 119, 120, 124, 127, 131, 132, 135, 137.)  Although all of his substantive motions were patently frivolous and were peppered with personal insults and fabricated attacks against judicial personnel, the Court and Clerk's Office staff have at all times taken pains to treat McCarter with courtesy and professionalism.

McCarter's latest filing, which purports to be a Motion for Relief from Judgment under Rule 60(b)(3), Fed.R.Civ.P., merely continues his pattern of rehashing frivolous issues and

launching reckless accusations and baseless tirades against the undersigned and various court personnel. He says that the Government and Government witnesses submitted false information in connection with the suppression hearing, which occurred before he entered a guilty plea. He says that Magistrate Judge Bivins should have granted him access to court transcripts. He says that he disagrees with the undersigned's rulings (largely because of McCarter's misunderstanding of applicable law and procedure) and makes absurd, fictitious accusations that the undersigned "provided favors to the prosecutor." He even accuses the court reporter of fraud because she did not furnish him with copies of transcripts as expeditiously as he thinks she should have.

"To prevail on a 60(b)(3) motion, the movant must present clear and convincing evidence that an adverse party has obtained a verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). Petitioner makes no showing of any kind that the denial of his § 2255 Motion was the product of fraud, misrepresentation, or other misconduct by anyone. It was not.

Petitioner accuses the Government of presenting fraudulent information during the suppression hearing. However, McCarter's obsession with this hearing, and his desire to relitigate it over and over again, overlooks a critical procedural fact which this Court has previously brought to his attention. McCarter entered a guilty plea. The legal effect of his guilty plea was that he waived all nonjurisdictional defects in the proceedings, which would include evidentiary rulings such as the denial of his motion to suppress. *See, e.g., United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."); *United States v. Byrd*, 2006 WL 306377, *1 (11th Cir. Feb. 10, 2006) ("A district court's refusal to suppress evidence is nonjurisdictional and is waived by a guilty plea."). As a result, McCarter has no legal right to challenge the outcome of the suppression hearing at this time. Even if he did (and he does not), the inescapable conclusion reached by Magistrate Judge Bivins, the undersigned, and the Eleventh Circuit is that his § 2255 Motion was time-barred; therefore, it cannot be heard on the merits. Whether McCarter thinks Government witnesses were untruthful during the suppression hearing does not matter now because (i) he entered a voluntary plea of guilty that waived his right to litigate the evidentiary issue further, and (ii) his § 2255 Motion was time-barred, in any event. Accordingly, his attempt to obtain Rule 60(b) relief from judgment based on something that happened or did not happen in the suppression hearing is frivolous.

Petitioner accuses Magistrate Judge Bivins of wrongfully denying him access to transcripts, and this Court of wrongfully overruling his objections to the Report and Recommendation and later denying McCarter's motion to recuse.  But "the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."  *American Bankers Ins. Co. of Fla. v. Northwest Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (citation omitted); *see also Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253, 1295 (11th Cir. 2004) ("What Rule 60(b) and these independent actions *do not* provide is a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated.").  A Rule 60(b)(3) Motion is not a proper vehicle to quarrel with adverse judicial rulings that could be (and in this case, were) presented on appeal anyway.  And of course, McCarter's mere dissatisfaction with judicial rulings in this matter in no way supports his reckless accusations of fraud, bias or collusion against him.

At the end of the day, the cold, hard fact is that McCarter has no one to blame but himself for his failure to comply with the AEDPA deadline for filing his § 2255 Motion.  Despite his efforts to cast aspersions on judges, court reporters, counsel, and anyone else he can think of, the fact remains that – as the Eleventh Circuit concluded – McCarter failed to exercise due diligence in bringing his § 2255 Motion.[1]  And he has made no showing of actual innocence.  The straightforward basis for the denial of his § 2255 Motion was that it was untimely, that he had failed to show extraordinary circumstances or due diligence as needed to establish a right to equitable tolling, and he had made no showing of actual innocence.  Those conclusions, which were found by Magistrate Judge Bivins, the undersigned, and the Eleventh Circuit alike, are not

---

[1] For example, the transcript issue on which McCarter has dwelled at length is a red herring.  McCarter accuses court personnel of thwarting his attempts to obtain transcripts, but "the record reflects that [McCarter] did not seek a copy of the transcripts from the Court until after the limitations period had passed and after he had filed his petition."  (Doc 96, at 11.)  Even if McCarter were correct that his mother ordered transcripts from the court reporter in 2010, there is no indication of any diligence on McCarter's part in following up to make certain he obtained those transcripts in a timely manner.   He certainly did not bring his transcript-related concerns to Judge Bivins' attention until after the AEDPA deadline had passed. (Writing a letter to the court reporter 14 months after judgment was entered against him, and stating in that letter that he is "practically begging the courts for a 60 day extention [*sic*] to file my 2255 motion" is no substitute for filing an appropriate, timely motion with the Clerk of Court requesting assistance in obtaining transcripts.)  Again, it is McCarter's fault – not that of Judge Bivins, Clerk's Office staff, or anyone else that he smears with fraud accusations in his Rule 60(b)(3) Motion – that he did not comply with the strict AEDPA deadline for filing his § 2255 Motion.

-5-

undermined or implicated by McCarter's fraud allegations, none of which have any basis in fact, in any event.  Accordingly, he is not entitled to relief from judgment under Rule 60(b)(3).

For all of the foregoing reasons, the Motion Seeking Relief from Final Judgment (doc. 137) is **denied** as frivolous.  Because his Motion is both factually and legally devoid of even arguable merit, petitioner may not appeal *in forma pauperis* and no Certificate of Appealability will issue.  *See generally Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) ("It is still the law of this circuit that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from judgment in a … § 2255 proceeding.") (citations omitted).

DONE and ORDERED this 24th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE